**Affirm and Opinion filed July 23, 2026.**



In The

# Fifteenth Court of Appeals

---

### NO. 15-25-00026-CV

---

### DR. ERIC VANDERWERFF, D.C., Appellant

### V.

### TEXAS DEPARTMENT OF INSURANCE - DIVISION OF WORKERS' COMPENSATION, DWC, AND DWC COMMISSIONER JEFF NELSON IN HIS OFFICIAL CAPACITY, Appellee

**On Appeal from the 455th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-23-004200**

## OPINION

The primary question before this Court is whether the Texas Department of Insurance, Division of Workers' Compensation (Division) has authority to assess an administrative penalty against a chiropractor who permitted his chiropractic license to expire while continuing to provide and bill for health care services provided to workers' compensation patients.

Following an administrative hearing before the State Office of Administrative Hearings (SOAH), the Division Commissioner issued an administrative-penalty order sanctioning Dr. Eric Vanderwerff for rendering and billing chiropractic services in the workers' compensation system with an expired license. Vanderwerff then sued the Division and Division Commissioner in district court seeking a reversal of the administrative order and declaratory relief. The district court affirmed the administrative order and denied all further claims for relief.

We conclude substantial evidence supports the administrative order and that Vanderwerff's claims for declaratory relief failed to invoke the jurisdiction of the trial court. We therefore affirm the judgment of the district court.

## BACKGROUND

For over twenty-five years, Vanderwerff has elected to provide chiropractic services to patients within the workers' compensation system as a treating doctor. The Legislature mandates licensure for chiropractors rendering services to injured workers entitled to benefits within the workers' compensation system. Tex. Lab. Code §§ 401.011(17) (defining "doctor" to include a chiropractor "who is licensed and authorized to practice"), 401.011(21) (defining "health care practitioner" to mean an individual who is licensed to provide health care or a nonlicensed individual who provides health care under the direction of a doctor).

The Texas Board of Chiropractic Examiners (Chiropractic Board) issued a chiropractic license to Vanderwerff. Chiropractors must renew their license every two years. Tex. Occ. Code § 201.353 (providing that chiropractic licenses expire every two years unless renewed); 22 Tex. Admin. Code § 72.14(a) ("A licensee shall renew a license every two years on or before the first day of the licensee's birth month.").

On August 7, 2020, the Chiropractic Board sent a notice of biennial license renewal to Vanderwerff. On October 1, 2020, Vanderwerff's chiropractic license was set to expire unless he complied with the following mandatory requirements: (1) paying the renewal fee; (2) completing the required continuing education requirements; and (3) completing a training course on human trafficking. *See* Tex. Occ. Code § 116.003 (requiring license holder to complete human trafficking course as condition for renewing license); 22 Tex. Admin. Code §§ 72.14(c) (requiring a licensee to submit a renewal fee to renew license), 73.1 (listing continuing education requirements for licensees). Vanderwerff acknowledged that he was aware of the license renewal deadline date.

Vanderwerff further acknowledged that he did not complete any of the renewal requirements prior to his license expiring on October 1, 2020. Rather, Vanderwerff completed the license renewal requirements on the following dates:

- On January 31, 2021, he completed the continuing education requirements;
- On June 21, 2021, he completed the human trafficking course; and
- On June 25, 2021, he paid the renewal fee.

The Director of Licensing for the Chiropractic Board testified that—due to Vanderwerff failing to complete the necessary renewal requirements—the Chiropractic Board determined Vanderwerff's license expired in accordance with its statutory expiration date on October 1, 2020. *See* Tex. Occ. Code § 201.353 (providing that license expires every two years unless renewed). The witness further testified that Vanderwerff did not renew the license until he paid the renewal fee on June 25, 2021. *See id.* § 201.354(d); 22 Tex. Admin. Code § 72.14(c) (requiring licensee to submit renewal fee to renew license). During the license-lapse period, the witness further testified that records from the Chiropractic

Board showed Vanderwerff did not have a valid chiropractic license. *See* Tex. Occ. Code § 201.354(f) (providing that a licensee who practices without a renewal receipt practices without a license); 22 Tex. Admin. Code § 72.14(e) (providing that a licensee who fails to renew a license every two years shall be considered by the Chiropractic Board as practicing without a license). The Chiropractic Board maintains a publicly available website permitting members of the public to verify the license status of a chiropractor. During the license-lapse period, the public website displayed the status of Vanderwerff's license as "expired" with an expiration date of October 1, 2020. The website further represented that license holders with an expired license status were "ineligible to practice."

Upon learning the Chiropractic Board determined Vanderwerff's license expired, the Division Commissioner issued an emergency cease-and-desist order prohibiting Vanderwerff from providing unlicensed chiropractor services within the workers' compensation system until he provided notice that the Chiropractic Board renewed his license.[1] *See* Tex. Lab. Code § 415.0211(a) (providing that the commissioner ex parte may issue an emergency cease-and-desist order if the commissioner believes a person regulated by the division is engaging in conduct that violates a law, rule, or order; and the commissioner believes that the alleged conduct will result in harm).

The Division then sent notice to Vanderwerff that it intended to sanction him for rendering health care, completing work status reports, and billing in the workers' compensation system with an expired license. *See id.* § 415.032. Vanderwerff requested a contested-case hearing, and the Division referred the

[1] The emergency cease-and-desist order informed Vanderwerff that he was entitled to request a contested-case hearing no later than 30 days after receiving the order. Vanderwerff did not request a hearing to contest the cease-and-desist order. *See* Tex. Lab. Code § 415.0211(c) (providing that a person affected by a cease-and-desist order must request a hearing no later than 30 days after receipt of order). On July 26, 2021, Vanderwerff informed the Division that the Chiropractic Board reinstated his license. The Division then lifted the emergency cease-and-desist order.

4

matter to SOAH. At the administrative hearing that followed, Vanderwerff testified as well as representatives from both the Division and the Chiropractic Board.

Following the hearing, the administrative law judge issued a proposal for decision recommending the Commissioner assess a $12,000 penalty against Vanderwerff for rendering health care, completing work status reports, and billing in the workers' compensation system while his license was expired and for two violations of the cease-and-desist order. *See id.* §§ 402.073, 415.034. Relevant to this appeal, the administrative law judge rejected Vanderwerff's contention that the Division lacked authority to sanction him for providing services within the workers' compensation system with an expired license. Instead, the administrative law judge found: "Under the Texas Workers' Compensation Act, doctors must be licensed and authorized to practice. The Commissioner is authorized to enforce this requirement for health care provided in the workers' compensation system. By participating in the workers' compensation system, Vanderwerff elected to follow its requirements or be subject to discipline."

The Commissioner issued an administrative-penalty order fully adopting and incorporating by reference the proposal for decision's findings of fact and conclusions of law and assessing a $12,000 penalty against Vanderwerff. Vanderwerff then sued the Division and Division Commissioner in district court seeking a reversal of the administrative-penalty order and declaratory relief. After conducting a hearing on the merits, the district court signed a final judgment affirming the administrative-penalty order after finding it was supported by substantial evidence and denying all further requested relief.

On appeal, Vanderwerff contends: (1) the Division did not have statutory authority to sanction him for practicing with an expired license because the

5

Chiropractic Board has exclusive jurisdiction over the regulation of chiropractic licenses; (2) his license did not expire because he completed the renewal requirements within one year of the license expiration date; and (3) the district court improperly denied his claims for declaratory relief.

**LEGAL STANDARDS**

We first note that the decision subject to our review is the Division Commissioner's administrative-penalty order. *See Montgomery ISD v. Davis*, 34 S.W.3d 559, 562 (Tex. 2000). However, because the Commissioner affirmed and incorporated all the administrative law judge's findings and conclusions, our focus will be on the proposal for decision. *See id.*

We review the administrative-penalty order for substantial evidence. Tex. Lab. Code § 415.036 ("An order of the commissioner is subject to judicial review under the substantial evidence rule."). Under this rule, a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion. Tex. Gov't Code § 2001.174. However, the court must reverse or remand an agency decision if: (1) "substantial rights of the appellant have been prejudiced;" and (2) that prejudice is a result of "administrative findings, inferences, conclusions, or decisions" that are

(A)     in violation of a constitutional or statutory provision;

(B)     in excess of the agency's statutory authority;

(C)     made through unlawful procedure;

(D)     affected by other error of law;

(E)     not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F)     arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Id*.     Under the substantial-evidence rule, the agency's findings, inferences, conclusions, and decisions are presumed to be supported by substantial evidence, and the burden is on the contestant to demonstrate otherwise. *Tex. Comm'n on Env't Quality v. Maverick Cnty.*, 642 S.W.3d 537, 547 (Tex. 2022). Whether the contestant has met this burden is a question of law, *Dyer v. Tex. Comm'n on Env't Quality*, 646 S.W.3d 498, 505 (Tex. 2022), and on review, we focus on the agency's decision without deference to the district court's judgment, *Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006) (per curiam).

The gravamen of this dispute, however, is the Division's construction of a statute it is charged with administering. The construction of a statute is a question of law we review de novo. *Maverick Cty.*, 642 S.W.3d at 544; *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011). "When construing a statute, our primary objective is to determine the Legislature's intent which, when possible, we discern from the plain meaning of the words chosen." *In re Est. of Nash*, 220 S.W.3d 914, 917 (Tex. 2007).

## DISCUSSION

### A.     Statutory Authority

In his first issue on appeal, Vanderwerff contends the Division exceeded its authority by sanctioning him for rendering services to workers' compensation patients with an expired license because the Chiropractic Board has "sole regulatory authority over chiropractors and licensure issues." We understand Vanderwerff's argument to be that the Division committed an error of law in construing its statutory authority such that the Commissioner's administrative-penalty order is not supported by substantial evidence. Vanderwerff's argument

7

requires us to analyze the statutory authority of both the Chiropractic Board and the Division with respect to the licensure of chiropractors.

Texas Occupations Code Chapter 201 regulates the practice of chiropractic. *See* Tex. Occ. Code §§ 201.001–.606. This chapter "defines the permissible scope of chiropractic practice, imposes education and licensing requirements, and delegates regulatory authority to the Chiropractic Board." *Tex. Ass'n of Acupuncture & Oriental Med. v. Tex. Bd. Of Chiropractic Exam'rs*, 524 S.W.3d 734, 736 (Tex. App.—Austin 2017, no pet.). A person may not practice chiropractic unless the person holds a license issued by the Chiropractic Board. Tex. Occ. Code § 201.301.

Subchapter G of Chapter 201 sets forth the licensing requirements for chiropractors, and Subchapter H sets forth the requirements for renewing an existing license. *See id*. §§ 201.301–.314 (Subchapter G); 201.351–.356 (Subchapter H). Relevant in this case, Section 201.354 of Subchapter H specifies that a person "may renew an unexpired license by paying the required renewal fee to the board before the expiration date of the license" and that a "person who practices chiropractic without a renewal license receipt for the current year practices without a license." *Id*. § 201.354(a), (f).

Subchapters K, L, and M set forth disciplinary procedures, penalties, and enforcement provisions that the Chiropractic Board may take against a chiropractor for violations of the chapter. *Id*. §§ 201.501–.511 (Subchapter K); 201.551–.561 (Subchapter L); 201.601–.606 (Subchapter M). The disciplinary procedures include in part the authority to revoke or suspend a license and the authority to impose administrative penalties. *Id*. § 201.501(a). The Chiropractic Board may also seek injunctive relief and issue a cease-and-desist order. *Id*. §§ 201.601(b), .6015(a).

8

Turning to the regulatory authority of the Division, the Texas Workers' Compensation Act is a "comprehensive legislative framework that creates a statewide no-fault insurance system for workers injured or killed in the course and scope of their employment." *Tex. Pol. Subdivisions Joint Self-Ins. Fund v. Tex. Dep't of Ins.–Div. of Workers' Comp.*, 681 S.W.3d 491, 493 (Tex. App.—Austin 2023, pet. denied); *see Tex. Mut. Ins. Co. v. PHI Air Med., LLC*, 610 S.W.3d 839, 858 (Tex. 2020) (Bland, J., concurring) ("The Texas Workers' Compensation Act is a comprehensive regulatory structure for insurance carriers, employers, employees, health care providers, and others who claim benefits under a workers' compensation policy."). The Texas Department of Insurance is the state agency designated to oversee the workers' compensation system, and within the Department, the Legislature established the Division to administer and operate the workers' compensation system. Tex. Lab. Code § 402.001.

The Texas Workers' Compensation Act mandates that chiropractors rendering professional health care services to injured workers within the system be properly licensed. *Id.* §§ 401.011(17) (defining "doctor" to include a chiropractor "who is licensed and authorized to practice"), 401.011(21) (defining "health care practitioner" to mean an individual who is licensed to provide health care or a nonlicensed individual who provides health care under supervision of doctor). The Division has no statutory discretion to permit an unlicensed chiropractor to render professional services to injured workers receiving care in the workers' compensation system. *Id.* § 401.011(17). Rather, the licensure requirement is a mandate. *Id.*; *see Bell v. Tex. Workers Comp. Comm'n*, 102 S.W.3d 299, 305 (Tex. App.—Austin 2003, no pet.) ("Nothing in the statute affords any discretion to the executive director about removing a doctor whose license has been suspended.").

9

The duty of the Division is to ensure the "laws regarding workers' compensation are executed." Tex. Lab. Code § 402.00114(a)(2). The Legislature requires the Division to monitor health care providers for compliance with laws and rules related to workers' compensation. *Id*. § 414.002(a)(5). In furtherance of this duty, the Legislature vested the Division Commissioner with the authority to impose "an array of sanctions against those who fail to comply, including a cease-and-desist order and administrative penalties up to $25,000 per day per occurrence." *In re Crawford & Co*., 458 S.W.3d 920, 923 (Tex. 2015); *see* Tex. Lab. Code § 415.021 ("[A] person commits an administrative violation if the person violates, fails to comply with, or refuses to comply with this subtitle or a rule, order, or decision of the commissioner, including an emergency cease and desist order issued under Section 415.0211. In addition to any sanctions, administrative penalty, or other remedy authorized by this subtitle, the commissioner may assess an administrative penalty against a person who commits an administrative violation.").

Harmonizing the Texas Workers' Compensation Act with Texas Occupations Code Chapter 201, the Legislature vested the Chiropractic Board with sole authority to issue Vanderwerff's license and to determine whether the license expired. *See* Tex. Occ. Code §§ 201.301 – .356 (setting forth licensing and renewal requirements); *see also Cash Am. Int'l Inc. v. Bennett*, 35 SW.3d 12, 15 (Tex. 2000) ("An agency has exclusive jurisdiction when the Legislature gives the agency alone the authority to make the initial determination in a dispute."); *Tex. Med. Bd. v. Wiseman*, No. 03-13-00210-CV, 2015 WL 410330, at *2 (Tex. App.—Austin Jan. 30, 2015, pet. denied) (mem. op.) (concluding under the Texas Medical Practice Act that the Texas Medical Board is "the primary means of licensing,

regulating, and disciplining physicians in Texas . . . and the Legislature has given the Board exclusive jurisdiction over disputes involving medical licenses").

However, upon the determination by the Chiropractic Board that Vanderwerff's license expired, the Division had a statutory duty to prevent him from continuing to provide professional services without a valid license and the authority to sanction him for refusing to comply with the Legislature's licensure requirement.[2]  Tex. Lab. Code §§ 401.011(17); 415.021, .0211, .0215; *see Bell*, 102 S.W.3d at 304 ("[T]he state has a considerable interest in regulating the quality of medical care offered to injured workers in the highly regulated workers compensation system.  To this end, the legislature had delegated to the Commission the duty to scrutinize its list of approved doctors and to remove, without further consideration, any doctors whose license have been suspended.").  With respect to licensure, the only fact to be determined by the Division was whether the Chiropractic Board determined the license expired.  *See Bell*, 102 S.W.3d at 305.  Because the Chiropractic Board determined his license expired, the Division did not act outside of its statutory authority in sanctioning Vanderwerff for rendering health care with an expired license in the workers' compensation system.

Vanderwerff contends the Division can neither stop nor sanction a chiropractor who renders professional health care services in the workers' compensation system with an expired license.  Instead, Vanderwerff contends that such actions invoke the Chiropractic Board's exclusive jurisdiction over licensing matters.  Vanderwerff's interpretation conflicts with the statutory purposes of the

---

[2] Although Vanderwerff vaguely references case law discussing due process principles on appeal, his petition in the district court did not assert a due process claim.  We will therefore not address due process.  *See Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 404 (Tex. 2000); *City of San Antonio v. Schautteet*, 706 S.W.2d 103, 104 (Tex. 1986).

11

Texas Workers' Compensation Act, which imposes a duty on the Division to protect workers by ensuring that health care practitioners are properly licensed. Under Vanderwerff's interpretation of the statute, a chiropractor with an expired license may continue to provide health care to injured workers within the workers' compensation system without interference from the Division. Such an interpretation would plainly flaunt the Legislature's intent in requiring licensure.

Vanderwerff chose to participate in the workers' compensation system and as such agreed to abide by its rules, including its licensure mandate. His participation in the workers' compensation system was not mandatory. Likewise, the Division did not act against Vanderwerff's chiropractic license. Rather, the Division sanctioned him for treating injured workers with an expired license in violation of the Texas Workers' Compensation Act's licensure mandate, which the Division is statutorily charged with enforcing.

For these reasons, we conclude Vanderwerff's contention that the Division acted outside of its statutory authority lacks merit. As such, we overrule this issue on appeal.

## B.    License Expiration

In his second issue, Vanderwerff contends his license did not expire because he completed the renewal requirements within one year of the license expiration date. The Chiropractic Board determined Vanderwerff's license expired on October 1, 2020. On June 25, 2021, Vanderwerff renewed his license by paying the renewal fee, which was the last remaining requirement needed to complete his license renewal process.

However, Vanderwerff contends that the Chiropractic Board improperly determined his license expired and should have retroactively applied the date his license renewed such that there was no lapse in his licensure. Vanderwerff's

contention requires further explanation of the licensure renewal requirements for chiropractors. Chapter 201 of the Texas Occupations Code provides that if a person's chiropractic license has expired for more than 90 days but less than one year, "the person may renew the license by paying to the board a renewal fee that is equal to two times the renewal fee set by the board." Tex. Occ. Code § 201.354(d). The chapter further mandates: "A person who practices chiropractic without a renewal receipt for the current year practices chiropractic without a license." *Id*. § 201.354(f). Thus, a person who fails to timely pay the renewal fee practices without a license.

In comparison, when a chiropractor fails to complete the required continuing education requirements for license renewal, the Chiropractic Board places the license in Continuing Education Conditional (CEC) status. 22 Tex. Admin. Code § 73.2(a). While under this conditional status, a chiropractor "may continue to practice if the licensee completes the required continuing education within the 12 month CEC period." *Id*. § 73.2(b).

Vanderwerff contends that he understood these "laws and rules to allow him to continue practicing for up to a year while he did successfully complete the education requirements for the two-year license renewal and pay the statutory renewal fee albeit with an additional late fee." Vanderwerff improperly conflates the separate licensure requirements of paying the renewal fee and completing his continuing education. Vanderwerff is correct that the Chiropractor Board permits chiropractors who have not completed their continuing education credits to continue to practice for up to one year. *Id*. § 73.2(b). The Legislature, however, did not create a similar exception for the renewal fee requirement. Rather, the Legislature mandated that the failure to pay the renewal fee equates to practicing without a license. Tex. Occ. Code § 201.354(f).

13

Regardless, the issue before the Division Commissioner was whether the Chiropractic Board determined the license had expired for the relevant period in question. Moreover, the issue before this Court is whether there was substantial evidence to support the Commissioner's conclusion that the license expired. At the administrative hearing, the Director of Licensing for the Chiropractic Board testified that the license expired for the period of October 1, 2020, through June 25, 2021. The Director further testified that the license renewed on the date Vanderwerff paid the renewal fee and that the renewal date was not retroactive. As such, there was substantial evidence to support the Commissioner's finding that Vanderwerff's license expired. Accordingly, we overrule Vanderwerff's second issue on appeal.

## C.    Declaratory Judgment

In his third issue, Vanderwerff contends the district court erred in dismissing his claim for administrative relief without permitting his claims for declaratory relief to proceed. Vanderwerff pleaded that his suit was for "declaratory judgment interpretation of statutes as well as judicial review of administrative enforcement proceedings." He further requested the following declarations under the Uniform Declaratory Judgments Act (UDJA):

- that the Chiropractic Board "cannot take any action because Dr. Vanderwerff, within the one-year grace period for two-year license renewal, did everything he needed to do including paying the Legislature mandated only higher renewal fee for up to one year for chiropractors who miss the pre-license period deadline for whatever reason without even good cause being needed";

- that "every chiropractor has up to the end of the first year of their two-year licenses to renew the license with only an additional fee required and not even good cause being needed"; and

- that the Division and Division Commissioner "acted ultra vires and . . . have no authority to restrict or attempt to inhibit chiropractic

14

treatment services . . . or take any action on the licensure exclusively assigned to another state agency, the [Chiropractic Board]."

The UDJA permits "[a] person . . . whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise [to] have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code § 37.004(a). The UDJA is remedial; its purpose is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." *Id*. § 37.002(b).

The UDJA "'does not contain a general waiver of sovereign immunity' for claims for declaratory judgment against the government." *State v. Zurawski*, 690 S.W.3d 644, 660 (Tex. 2024) (quoting *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 552 (Tex. 2019)). Instead, it provides "only a limited waiver for challenges to the validity of an ordinance or statute." *Shady Shores*, 590 S.W.3d at 552. Claims for "other types of declaratory relief are barred absent a legislative waiver of immunity with respect to the underlying action." *Id*. "Thus, to obtain declaratory relief against the government, it is necessary to show that the challenged law is invalid because it is unconstitutional, preempted by superior governing law, or barred for some similar reason. The Declaratory Judgments Act does not permit a suit merely seeking guidance about the application of the law to particular facts." *Zurawski*, 690 S.W.3d at 661.

Vanderwerff's requests do not seek a declaration concerning the validity of any statute. Rather, the requests seek statutory construction guidance and a declaration of his rights under the respective statutes governing the authority of the Division and the Chiropractic Board. The UDJA "does not waive sovereign

15

immunity for bare statutory construction claims." *McLane Co., Inc. v. Tex. Alcoholic Beverage Comm'n*, 514 S.W.3d 871, 876 (Tex. App.—Austin 2017, pet. denied); *see Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (per curiam) ("[T]he UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law."). Vanderwerff seeks a declaration of his rights under a statute and is not challenging the validity of any statute; thus, immunity is not waived under the UDJA. *See Sefzik*, 355 S.W.3d at 622 ("Sefzik is not challenging the validity of a statute; instead, he is challenging TxDOT's actions under it, and he does not direct us to any provision of the UDJA that expressly waives immunity for his claim.").

Vanderwerff additionally contends that his claims for declaratory relief asserted an *ultra-vires* claim against the Division and Division Commissioner. Assuming without deciding that Vanderwerff properly pleaded an *ultra-vires* claim, we conclude that the trial court lacked jurisdiction to hear the claim due to the redundant-remedies doctrine. "Under the redundant remedies doctrine, courts will not entertain an action brought under the UDJA when the same claim could be pursued through different channels." *Patel v. Tex. Dep't of Licensing & Regul.*, 469 S.W.3d 69, 79 (Tex. 2015). "The focus of the doctrine is on the initiation of the case, that is, whether the Legislature created a statutory waiver of sovereign immunity that permits the parties to raise their claims through some avenue other than the UDJA." *Id.*

The Legislature created—under Texas Labor Code Section 415.036—a statutory waiver of immunity for parties seeking to challenge an order of the Commissioner. Tex. Lab. Code § 415.036 ("An order of the commissioner is subject to judicial review under the substantial evidence rule."). Under that provision, the district court may review whether an agency decision was "in excess

16

of the agency's statutory authority." Tex. Gov't Code § 2001.174(2)(B). Vanderwerff availed himself of this provision in seeking judicial review of the Commissioner's order.

The remedy afforded Vanderwerff by Texas Labor Code Section 415.036 is the same remedy he seeks in his ultra vires claim: the reversal of the Commissioner's order. *See Gonzalez v. Tex. Med. Bd.*, 722 S.W.3d 848, 852 (Tex. 2025) ("What matters is whether the APA would've afforded him the same remedy—that's why we call it the redundant-*remedies* doctrine, not the redundant-*claims* doctrine."). Vanderwerff did not seek relief beyond his administrative remedy. *See id.* (holding redundant remedies did not bar claim when appellant sought prospective injunctive and equitable relief beyond administrative remedy). As such, the relief Vanderwerff is seeking is redundant of his administrative remedies, and the district court properly dismissed the claim.

Accordingly, we conclude Vanderwerff's claims for declaratory relief did not invoke the jurisdiction of the trial court. We therefore overrule Vanderwerff's third issue on appeal.

## CONCLUSION

Having overruled Vanderwerff's issues on appeal, we affirm the final judgment of the trial court.

/s/ Scott K. Field
Scott K. Field
Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.

17